UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA


| | |
|---|---|
| Michael Alonza Rufus, # 1000788776, | ) |
| | ) |
| | ) C/A No. 3:12-3370-TLW-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Social Security, *City of Camden*; | ) |
| Social Security Administration; | ) |
| State of South Carolina; | ) |
| United States of America, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## *Background of this Case*

This is a civil action concerning Plaintiff's request to stop his participation in the Social Security system.  Plaintiff is a state prisoner confined at the Jenkins Correctional Center in Millen, Georgia.  The Jenkins Correctional Center is a private prison facility operated for the Georgia Department of Corrections by the Corrections Corporation of America (http://www.cca.com/facility/jenkins-county-correctional-center/, last visited on Dec. 27, 2012).    The  Georgia  Department  of  Corrections  website (http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp, last visited on Dec. 27, 2012) indicates that Plaintiff is serving a ten-year sentence for possession with intent to distribute marijuana.  Plaintiff's conviction was entered in Walton County, Georgia, and Plaintiff's incarceration began on April 11, 2012.

In the above-captioned case, Plaintiff has brought suit against the Social Security Administration, the local office of the Social Security Administration in Camden

(South Carolina), the United States of America, and the State of South Carolina.  In an order filed in this case on December 4, 2012, the undersigned directed Plaintiff to bring this case into "proper form."  Plaintiff has submitted Forms USM-285 and summonses (ECF No. 12), but has not submitted Answers to Court's Special Interrogatories.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Even when considered under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The above-captioned case is not maintainable as a *Bivens* action against the United States or the Social Security Administration.  In *Bivens v. Six Unknown Named*

2

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982). A *Bivens* action may not be brought against agencies of the United States, such as the Social Security Administration. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Even if this case is treated as an action under the Federal Tort Claims Act, this case is still subject to summary dismissal. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006).

The State of South Carolina is entitled to summary dismissal because of Eleventh Amendment immunity. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State*

3

*Ports Auth.*, 535 U.S. 743 (2002); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh

Amendment only forbids suits by citizens of other States against a State, Eleventh

Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*,

568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805,

808–09 (D.S.C. 1978).

Plaintiff's request to stop participation in the Social Security system cannot

be granted by a federal district court.  Participation in the Social Security system is

mandatory.  The Supreme Court has noted "The design of the [Social Security] system

requires support by mandatory contributions from covered employers and employees.  This

mandatory participation is indispensable to the fiscal vitality of the social security system."

*United States v. Lee*, 455 U.S. 252, 258 (1982).  In *United States v. Lee,* persons of the

Amish faith challenged their mandatory participation in the Social Security system.  The

Supreme Court recognized that withholding of Social Security taxes conflicts with the

Amish faith, but held that members of that group cannot avoid payment of such taxes on

religious grounds if they voluntarily enter into commercial activity.  While acknowledging

that compulsory participation in the Social Security system  facially infringed on the free

exercise (religion) rights of the Amish, the Supreme Court upheld this limitation on religious

liberty under strict scrutiny because mandatory participation in the Social Security system

is essential to accomplish the overriding governmental interest of providing a

comprehensive insurance system to the public.  455 U.S. at 257–58.

4

Plaintiff's pleadings in the above-captioned case suggest that he is utilizing long-rejected contentions formerly advanced by tax protesters. *See Valldejuli v. Social Security Admin.*, No. GCA 94-10051-MMP, 1994 WL 912253 (N.D. Fla. Dec. 20, 1994):

> Plaintiff states in his complaint that he does not want to participate in the social security system or have a social security number. Plaintiff claims he was fraudulently induced into signing a "contract" with the Social Security Administration when he was eleven years old, and now he seeks to void that contract. Plaintiff also makes several additional allegations in his complaint, including the following: that he is not a citizen of the Federal United States, but a natural sovereign citizen of the United States not subject to the Social Security system; that it is unlawful for anyone to issue anything identifying him by his social security number; and that requiring Plaintiff to have a social security number denies him the right to work. Plaintiff therefore is seeking a declaratory judgment pursuant to Federal Rules of Civil Procedure Rule 57 that would require Defendants to respond to Plaintiff's service of a "declaration, codicil, statement and revocation" (attachment A to complaint, doc. 1) that would effectively take Plaintiff out of the Social Security system.

1994 WL 912253, at *1.

It is well-settled that Social Security "benefits are noncontractual benefits under a social welfare system and Congress has reserved the right to modify the scheme of benefits." *Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir. 1987); *see also Bowen v. Public Agencies Opposed to Social Security Entrapment*, 477 U.S. 41, 51–56 (1986) (upholding provision preventing States [which had, years earlier, voluntarily elected to participate in the Social Security system] from withdrawing the Social Security system if they were participating on the effective date of the Congressional modification of the system); and *Flemming v. Nestor*, 363 U.S. 603, 609–10 (1960) ("each worker's benefits, though flowing from the contributions he made to the national economy while actively employed, are not

5

dependent on the degree to which he was called upon to support the system by taxation. It is apparent that the noncontractual interest of an employee covered by the act cannot be soundly analogized to that of a holder of an annuity, whose right to benefits is bottomed on his contractual premium payments").

Plaintiff's challenges to his mandatory participation in the Social Security system are frivolous and without merit.  *Valldejuli v. Social Security Admin.*, 1994 WL 912253, at *2; *see also Bartsch v. Social Security Admin. General Counsel*, No. 3-01-CV-684-P, 2001 WL 1029525, at *1 (N.D. Tex. Aug. 20, 2001) ("Further, a person, whose employment comes within the purview of the Social Security Act, is required by law to make appropriate contributions to the Social Security Trust Fund.  In a word, such a person's participation is mandatory, not voluntary.").

Plaintiff's request to transfer this case to the Columbia Division (ECF No. 9 at page 3) is moot.  *Incumaa v. Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007).  The above-captioned case is a Columbia Division case.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process.  Plaintiff's attention is directed to the Notice on the next page.

January 2, 2012                                    s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7