IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Alonza Rufus, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 3:12-cv-03370-TLW |
| ) | |
| Social Security, *City of Camden*; ) | |
| Social Security Administration; ) | |
| State of South Carolina; ) | |
| and United States of America, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

Plaintiff, Michael Alonza Rufus ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action concerning plaintiff's request to stop his participation in the Social Security system on November 30, 2012. (Doc. #1). Plaintiff seeks monetary damages, declaratory, injunctive, and other relief against the Social Security Administration, the local office of the Social Security Administration in Camden, South Carolina, the United States of America, and the State of South Carolina (collectively "defendants"). (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on January 2, 2013 by United States Magistrate Judge Kevin McDonald, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #17). In the Report, the Magistrate Judge recommends that this case be dismissed without prejudice and without service of process. (Doc. #17). The plaintiff filed objections to the Report on January 16, 2013. (Doc. #24).

1

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and Recommendation and the plaintiff's objections thereto. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #17) is **ACCEPTED.** Therefore, this case is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

May 8, 2013  
Columbia, South Carolina

2